■ MIRIAM MATUS, Appellant, v EAST NEW YORK SAVINGS BANK, Respondent.—In an action *inter alia* to recover the proceeds of a certain bank account, plaintiff appeals from an order of the Supreme Court, Nassau County, entered March 13, 1975, which granted defendant's motion to dismiss the complaint. Order affirmed, without costs. Plaintiff's husband died intestate on January 2, 1965; plaintiff was appointed administratrix of his estate shortly thereafter. The decedent had kept a safe deposit box in his own name in the defendant bank. Pursuant to an order of the Surrogate's Court, Kings County, dated February 1, 1965, decedent's safe deposit box was inventoried in the presence of plaintiff, decedent's daughter Jacqueline Silverberg, a representative of the State Tax Commission and a bank official. The inventory revealed the presence in the box of cash in the amount of $21,900 which, on March 31, 1965, was placed in an account in the bank in the name "Estate of Henry Matus, also known as Henry J. Matus, Deceased, by Miriam Matus [plaintiff], Administratrix." The inventory apparently also revealed some jewelry and miscellaneous items which were placed in a safe deposit box in the bank in the name of the estate of the deceased, with plaintiff as administratrix. Plaintiff never filed an accounting. On November 4, 1968, the Surrogate's Court, Kings County, acting in response to the petition of decedent's daughter, Mrs. Silverberg, ordered plaintiff to account. When plaintiff again failed to file an accounting, decedent's daughter moved in the Surrogate's Court to revoke plaintiff's letters of administration. Plaintiff was personally served with process, but failed to answer the petition or to appear on the return date. The Surrogate's Court granted the motion by order dated June 20, 1969. The Surrogate's Court directed that plaintiff be served with a certified copy of the order, appear in court, and file an account in accordance with its prior order of November 4, 1968. The court further ordered plaintiff to "pay over and deliver all monies and other property of the estate of * * * Henry Matus * * * now in her hands, into this court, or to an administrator de bonis non, of the goods, chattels and credits". On July 22, 1969 letters of administration *de bonis non* were issued to Mrs. Silverberg. Plaintiff again failed to appear, file an account, or act as ordered by the Surrogate's Court. Thereafter, Mrs. Silverberg obtained an order from the Surrogate's Court, dated February 25, 1970, directing the defendant bank to attend an inquiry and show cause why it should not deliver to her all the moneys and property held in that bank for the decedent's estate. The defendant bank attended the inquiry and, on April 13, 1970, the Surrogate's Court issued an order directing the defendant bank to turn over the assets of decedent's estate, which it possessed, to decedent's daughter. The defendant bank complied

with the order and the estate bank account and safe deposit box were closed. Decedent's daughter proceeded to settle the estate and presented plaintiff with a check representing her intestate share therein, which check plaintiff has to date refused to accept. Instead, plaintiff instituted this suit against the defendant bank for $500,000 on 15 causes of action, ranging from breach of contract to extortion, alleging that the money and jewelry found in the decedent's safe deposit box belong to her. The defendant bank moved to dismiss the complaint on the grounds (1) that, pursuant to CPLR 3211 (subd [a], par 5) plaintiff was estopped from asserting a claim in the Supreme Court to money and property which had been disposed of in the Surrogate's Court and (2) that only the Surrogate's Court had the power and authority to determine plaintiff's claims. Alternatively, the defendant bank moved, pursuant to CPLR 3024 (subd [a]), for more definite pleadings. Special Term granted defendant's motion to dismiss the complaint. It held that, pursuant to CPLR 3211 (subd [a], par 5), plaintiff was estopped from challenging in the Supreme Court the prior orders of the Surrogate's Court which had removed plaintiff as administratrix and directed a turnover of the money and property in question to the decedent's daughter. In our view, Special Term correctly dismissed the complaint. Plaintiff has never challenged the prior proceedings in the Surrogate's Court in which the issue of the right of ownership of the money and property found in the decedent's safe deposit box was determined. This action, in which plaintiff alleges that she is the owner of the assets found in the decedent's safe deposit box, constitutes a collateral attack on the prior orders of the Surrogate's Court, Kings County, dated June 20, 1969 and April 13, 1970. As such it is barred by SCPA 204, which provides: "Where the jurisdiction of the court to make a decree or other determination is drawn in question collaterally, the jurisdiction is presumptively and in the absence of fraud or collusion, conclusively established by an allegation of the jurisdictional facts contained in a verified pleading. Jurisdiction of the parties is presumptively proved by a recital to that effect in the decree." (See, also, *Bolton v Schriever,* 135 NY 65.) Plaintiff's proper course of action is to move in the Surrogate's Court to open her default (which, she claims, was entered without proper notice to her), if she desires to challenge the disposition of the estate assets, as that court is vested with jurisdiction in estate matters (see SCPA 201, 205, 209, subd 4). Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.