■ MIRIAM MATUS, Appellant, v MANUFACTURERS HANOVER TRUST COMPANY, Respondent.—In an action *inter alia* to recover moneys on deposit in a bank account, plaintiff appeals from an order of the Supreme Court, Kings County, entered January 30, 1975, which (1) denied her motion for an examination before trial of defendant Manufacturers Hanover Trust Company and (2) granted defendant's cross motion for summary judgment. The appeal also brings up for review so much of a further order of the same court, dated April 4, 1975, as, upon reargument, adhered to the prior determination. Appeal from the order entered January 30, 1975 dismissed as academic, without costs. That order was superseded by the order which granted reargument. Order dated April 4, 1975 affirmed insofar as reviewed, without costs. In this action plaintiff alleged that in March, 1975 she deposited $6,900 in the defendant bank in a checking account bearing her name. However, the records of the defendant bank indicate that the moneys were deposited in an account in the name of the estate of her deceased husband, with plaintiff as administratrix. Plaintiff deleted her husband's name and the word "administratrix" following her name on the bankbook

and checks, and proceeded to utter checks on the account. However, these checks were returned unpaid because the account had been closed when decedent's daughter, as substituted administratrix, settled the estate (cf. *Matus v East N. Y. Sav. Bank,* 50 AD2d 819). Plaintiff thereupon commenced this action against the defendant bank and moved for an examination of the defendant. Special Term denied plaintiff's motion and granted defendant's cross motion for summary judgment. In our view Special Term's determination was proper. The undisputed evidence in the record indicates that the bank account which plaintiff alleges was her personal account was in fact an estate account and that the money therein was paid to the decedent's daughter, who had been appointed substituted administratrix of the estate. Accordingly, no genuine issues of fact were raised by plaintiff, and the complaint was properly dismissed (see *Matus v East N. Y. Sav. Bank, supra).* Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.